**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 96-6811

CHRISTOPHER SEABROOK,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Falcon B. Hawkins, Chief District Judge.
(CR-93-215)

Submitted: May 29, 1997

Decided: June 11, 1997

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Ann Briks Walsh, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant. Albert Peter Shahid, Jr., SHAHID
LAW OFFICE, L.L.C., Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Christopher Seabrook pleaded guilty to possession of a firearm under 18 U.S.C. § 922(g) (1994). Because he had at least three previous convictions for violent felonies, 18 U.S.C.§ 924(e) (1994) subjected him to imprisonment for not less than fifteen years. On January 12, 1994, the court sentenced him to imprisonment for fifteen years, a fifty dollar special assessment, and a five year term of supervised release following incarceration. Seabrook did not appeal his conviction or sentence.

More than a year after his conviction and sentence, Seabrook filed a motion for modification or reduction of his sentence in the district court pursuant to 18 U.S.C. § 3582(c) (1994), claiming that he should be resentenced in light of Amendment 433 to the United States Sentencing Guidelines. See U.S.S.G. App. C, Amendment 433 (1991). The district court denied the motion, and Seabrook appeals.

On appeal, Seabrook's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), claiming that the district court erred in denying the motion for modification and also raising two issues not raised below.**1** Additionally, Seabrook filed a pro se supplemental brief, challenging the district court's decision and also raising one additional issue.**2** We affirm in part and dismiss in part.

To the extent that Seabrook appeals the district court's denial of his motion for modification, we find his notice of appeal timely under Houston v. Lack, 487 U.S. 266 (1988), and affirm the district court's

_____

**1** In his Anders brief, Seabrook claims that his sentence should be vacated and his conviction overturned because his conviction was a result of vindictiveness based on his past record and because it was obtained in violation of Petite v. United States, 361 U.S. 529, 530-31 (1960) (precluding initiation or continuation of federal prosecution following state prosecution based on substantially same act or transaction unless there is compelling federal interest supporting dual prosecution).
**2** Seabrook also contends that the Government, in filing its response to his motion for reconsideration, procedurally defaulted.

2

order. Seabrook claims that because his felon-in-possession charge is not a violent offense under § 924(e)(1), the district court erred in denying his motion for modification filed pursuant to § 3582(c)(2). We find, however, that the district court correctly determined that § 3582(c)(2) did not afford Seabrook relief. This provision allows the court to reconsider a sentence in light of subsequent changes in the Guidelines which lower sentences. However, Amendment 433, effective in 1991 and included in the list of amendments warranting reductions of sentences in 1992, was in effect at the time of Seabrook's sentencing in 1994, and thus does not provide a basis for a § 3582(c)(2) motion in this case. Furthermore, a review of the record indicates that the district court properly sentenced Seabrook pursuant to § 924(e)(1) because it is evident from the presentence report that Seabrook violated § 922(g) and had at least three previous violent felony convictions.

To the extent that Seabrook attempts to file a direct appeal of his conviction and sentence, more than a year after entry of judgment of conviction and sentence, we find that his notice of appeal is untimely. We therefore dismiss the vindictiveness claim and Petite policy claim raised in Seabrook's Anders brief and the procedural default claim raised in his pro se informal brief for lack of jurisdiction. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)); see also Fed. R. App. P. 4.

In accordance with the requirements of Anders , we have examined the entire record and find no meritorious issues for appeal. Accordingly, the district court's denial of Seabrook's motion to modify or correct his sentence is affirmed, and Seabrook's additional claims are dismissed. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART

3